# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### DECEMBER SESSION, 1998

FILED

May 14, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9802-CR-00056 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | HAMILTON COUNTY |
| VS. | ) | |
| | ) | HON. DOUGLAS A. MEYER |
| ERIC DEWAYNE MCELMORE, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal - Aggravated Robbery) |

FOR THE APPELLANT:

ARDENA J. GARTH
District Public Defender

DONNA ROBINSON MILLER
Assistant District Public Defender
Suite 300-701 Cherry St.
Chattanooga, TN  37402

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

ELLEN H. POLLACK
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243

BILL COX
District Attorney General

C. CALDWELL HUCKABAY
Assistant District Attorney
300 Market Street
Chattanooga, TN  37402

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

On January 14, 1997, Appellant Eric D. McElmore pled guilty to two counts of aggravated robbery. On April 3, 1997, Appellant pled guilty to another count of aggravated robbery and a number of counts involving other charges. After a sentencing hearing on May 29, 1997, the trial court sentenced Appellant as a Range I standard offender to a term of ten years for the first aggravated robbery and twelve years for the second aggravated robbery, with the sentences to run concurrently. The trial court also imposed a sentence of twelve years for the third aggravated robbery, with this sentence to run consecutively to the other two sentences. Appellant challenges all three of his aggravated robbery sentences, raising the following issues:

1) whether the trial court imposed excessive sentences; and

2) whether the trial court erred when it imposed consecutive sentencing.

After a review of the record, we affirm the judgment of the trial court.

## I. FACTS

On January 21, 1996, Appellant and at least two other armed individuals entered a Hooters Restaurant and took approximately $10,000 in cash from the business. One or more of the armed robbers then ordered some Hooters employees into a closet and forced them to remove their clothes.

On June 20, 1996, Appellant entered the offices of Dixie Stamp and Machine and pointed a gun at Rodney Moore and Roy Covington. Appellant then

robbed Moore and Covington of their wallets and fled through an alley. Moore then retrieved a gun and gave chase. Appellant then shot Moore in the thigh and Moore returned fire and shot Appellant in the left hand, left leg, and left foot.

## II. LENGTH OF SENTENCES

Appellant contends that the trial court erroneously sentenced him to a longer term than he deserves for each of his three convictions. We disagree.

"When reviewing sentencing issues . . . including the granting or denial of probation and the length of sentence, the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (1997). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider all the evidence, the presentence report, the sentencing principles, the enhancing and mitigating factors, arguments of counsel, the defendant's statements, the nature and character of the offense, and the defendant's potential for rehabilitation. Tenn. Code Ann. §§ 40-35-103(5), -210(b) (1997 & Supp. 1998); Ashby, 823 S.W.2d at 169. "The defendant has the burden of demonstrating that the sentence is improper." Id.

In this case, Appellant was convicted of three counts of aggravated robbery, a Class B felony. <u>See</u> Tenn. Code Ann. § 39-13-402 (1997). The sentence for a Range I offender convicted of a Class B felony is between eight and twelve years. Tenn. Code Ann. § 40-35-112(a)(2) (1997). When both enhancement and mitigating factors are applicable to a sentence, the court is directed to begin with the minimum sentence, enhance the sentence within the range as appropriate for the enhancement factors, and then reduce the sentence within the range as appropriate for the mitigating factors. Tenn. Code Ann. § 40-35-210(e) (1997).

After the sentencing hearing, the trial court imposed a twelve year sentence for the aggravated robbery that occurred at the restaurant, a ten year sentence for the aggravated robbery of Covington, and a twelve year sentence for the aggravated robbery of Moore.[1] In determining the length of these sentences, the trial court found that the following enhancement factors applied to all three sentences: (1) that Appellant had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate sentencing range; (8) that Appellant had a previous history of unwillingness to comply with the conditions of a sentence involving release into the community; (10) that Appellant had no hesitation about committing a crime

---

[1]The judgment forms state that the sentences are twelve years for the aggravated robbery at the restaurant, twelve years for the aggravated robbery of Covington, and ten years for the aggravated robbery of Moore, with the sentence for the aggravated robbery at the restaurant to run consecutively to the aggravated robbery of Covington. However, the transcript of the sentencing hearing indicates that the trial court actually imposed a twelve year sentence for the aggravated robbery of Moore and a ten year sentence for the aggravated robbery of Covington and ordered the sentence for the aggravated robbery at the restaurant to run consecutively to the sentence for the aggravated robbery of Moore. When there is a conflict between the court minutes or judgment and the transcript, the transcript controls. <u>State v. Moore</u>, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991); <u>State v. Davis</u>, 706 S.W.2d 96, 97 (Tenn. Crim. App. 1985). Therefore, the trial court's judgment forms shall be modified by this Court's judgment to reflect a twelve year sentence for the aggravated robbery of Moore and a ten year sentence for the aggravated robbery of Covington, with the sentence for the aggravated robbery at the restaurant to run consecutively to the sentence for the aggravated robbery of Moore.

in which the risk to human life was high; and (20) that Appellant had been adjudicated of a delinquent act as a juvenile that would have been a felony if committed by an adult. See Tenn. Code Ann. § 40-35-114(1), (8), (10), & (20) (1997). The trial court also found that the following enhancement factors applied only to the sentence for the aggravated robbery at the restaurant: (2) that Appellant was the leader in an offense involving two or more criminal actors; (3) that the offense involved more than one victim; and (7) that the offense involved a victim and was committed to gratify Appellant's desire for pleasure or excitement. See Tenn. Code Ann. § 40-35-114(2), (3), & (7) (1997). The trial court also found that the following enhancement factor applied only to the sentence for the aggravated robbery of Moore: (6) that the personal injuries inflicted on the victim were particularly great. See Tenn. Code Ann. § 40-35-114(6) (1997). The trial court also found that mitigating factor (13) applied to all three sentences because Appellant is mildly retarded and has experienced emotional problems, he had cooperated with the police, he was sexually abused as a child, and he had numerous family problems. See Tenn. Code Ann. § 40-35-113(13) (1997). Finally, the trial court found that the enhancement factors outweighed all of the mitigating factors.

Appellant does not challenge the application of enhancement factor (1) and we conclude that it was properly applied to all three sentences. Appellant has a previous adult criminal record consisting of one conviction for cocaine possession, one conviction for theft of property worth between $1,000 and $10,000, two convictions for theft of property worth up to $500, and two convictions for criminal trespass. We conclude that this factor is entitled to significant weight.

Appellant likewise does not challenge the application of enhancement factor (8) and we conclude that it was properly applied to all three sentences. Appellant had received probation in a previous case and that probation was revoked after he violated the terms of probation.

Similarly, Appellant does not challenge the application of enhancement factor (20) and we conclude that this factor was properly applied to all three sentences. The record indicates that Appellant has a juvenile adjudication for aggravated burglary. This would have been a felony if committed by an adult. See Tenn. Code Ann. § 39-14-403(b) (1997) ("Aggravated burglary is a Class C felony.").

In addition, Appellant does not challenge the application of enhancement factor (3) to the sentence for the aggravated robbery at the restaurant and we conclude that this factor was properly applied to this sentence. The record indicates that when Appellant and the other armed individuals entered the restaurant, some or all of them forced several employees into a closet and then forced them to remove their clothes.

Appellant does challenge the application of enhancement factor (2) to his sentence for the aggravated robbery at the restaurant. Specifically, Appellant contends that there was no evidence that he was a leader in the offense. We agree with Appellant that the trial court erred when it applied enhancement factor (2). Although the record indicates that at least two other individuals participated with Appellant in the commission of this crime, the record does not contain any evidence about Appellant's actions in the preparation for or during the

commission of the offense that demonstrates that he was a leader in any way. In fact, the trial court did not identify any basis for applying this factor and the State's only argument for why this factor applied was that Appellant was the participant who had most recently worked at the restaurant. We cannot agree that the mere fact that Appellant had worked at this restaurant, without more, established that he was a leader in the commission of the offense.

Appellant also challenges the application of enhancement factor (6) to his sentence for the aggravated robbery of Moore. We agree that the trial court erred when it applied factor (6) to this sentence. Although there is evidence in the record that Appellant shot Moore in the leg, the record does not reflect the seriousness of the wound. While it certainly may be true that Moore sustained serious bodily injury when he was shot in the leg, there is no proof in the record that this was the case. Thus, the trial court erred when it applied factor (6). However, because the record does reflect that Appellant shot Moore while fleeing from the scene,[2] we conclude in our de novo review that the trial court should have applied enhancement factor (12) because Appellant willfully inflicted bodily injury upon Moore during the commission of a felony.[3] See Tenn. Code Ann. § 40-35-114(12) (1997).[4]

---

[2]Appellant maintains that he shot Moore in self-defense and he claims that a jury acquitted him of the attempted first degree murder of Moore because it believed his theory of self-defense. However, although the record indicates that Appellant was acquitted of the attempted first degree murder of Moore, there is nothing in the record that indicates that the jury acquitted Appellant because it believed his theory of self-defense.

[3]Although Appellant apparently shot Moore after he had taken Moore's wallet and was attempting to flee, we note that "the crime of robbery is not completed the moment the stolen property is in the possession of the robbers, but may be deemed to continue during their attempt to escape." Burgin v. State, 217 Tenn. 682, 687–88, 400 S.W.2d 539, 541 (1966); White v. State, 533 S.W.2d 735, 738 (Tenn. Crim. App. 1975); State v. Larry Donald Smith & Jeffrey Sanford, No. 01C01-9201-CC-00021, 1992 WL 217751, at *2 (Tenn. Crim. App., Nashville, Nov. 30, 1992).

[4]Appellant contends that under State v. Holman, 611 S.W.2d 411 (Tenn. 1981), evidence that he shot Moore was inadmissible because he was acquitted of the attempted first degree murder of Moore. It is true that the Tennessee Supreme Court stated in Holman that in a trial on the issue of guilt, "evidence

-7-

Appellant also challenges the application of enhancement factor (7) to his sentence for the aggravated robbery at the restaurant. We agree. The State has the burden of demonstrating that the crime was committed to gratify a defendant's desire for pleasure or excitement. State v. Adams, 864 S.W.2d 31, 35 (Tenn. 1993). In this case, the State failed to introduce any evidence that the robbery itself was committed for the purpose of gratifying Appellant's desire for pleasure or excitement. There is evidence in the record that Appellant and/or his companions forced some of the restaurant employees to remove their clothing. However, while this act may well have been motivated by a desire for sexual pleasure, this does not mean that the robbery itself was committed for that purpose. In short, the State failed to introduce any evidence that the robbery was committed to gratify Appellant's desire for sexual pleasure, rather than for some other purpose such as obtaining money. The State has simply not met its burden of showing that factor (7) applied.

Appellant further contends that the trial court erred when it applied enhancement factor (10) to all three of his sentences. Specifically, Appellant contends that this was error because a high risk to human life is inherent in the crime of aggravated robbery. This Court has previously stated that absent any proof establishing risk to life other than the victim's, enhancement factor (10) is inapplicable to sentences for aggravated robbery because a high risk to human life is an element of the offense. State v. Hicks, 868 S.W.2d 729, 732 (Tenn.

---

that the defendant committed an alleged crime other than that for which he is on trial should not be admitted when he has been acquitted of such alleged other crime." Id. at 413. However, in State v. Desirey, 909 S.W.2d 20 (Tenn. Crim. App. 1995), this Court noted that the concerns in a jury trial about the introduction of other crimes evidence do not apply equally to a sentencing hearing conducted by a trial court pursuant to the 1989 Sentencing Reform Act and suggested that even evidence of an offense for which a defendant was acquitted might be considered in the sentencing context. Id. at 31–32. In addition, Appellant's argument ignores the fact that Appellant himself introduced evidence during the sentencing hearing that he had shot Moore in the leg.

Crim. App. 1993). Although there is no evidence in the record that Appellant caused a risk to the life of anyone other than the victims during the aggravated robbery at the restaurant or the aggravated robbery of Covington, the State contends that this factor was applicable to the sentence for the aggravated robbery of Moore because Appellant was firing his gun in the direction of a child care center when he shot Moore. However, the only part of the record which indicates that Appellant fired towards a child care center is the transcript of the two prosecutors' arguments at the sentencing hearing. It is a well known principle of law that "statements made by counsel during a hearing or a trial are not evidence." State v. Dykes, 803 S.W.2d 250, 254 (Tenn. Crim. App. 1990). In addition, no stipulation to this fact is apparent on the face of the record. Thus, the trial court erred when it applied factor (10).

Finally, Appellant contends that the trial court failed to give proper weight to the mitigating factors in this case. The record indicates that the trial court recognized the following mitigating evidence: Appellant has an I.Q. of between 64 and 68, Appellant was raped as a child, Appellant suffered emotional problems after the death of his six-year-old brother, Appellant came from a broken home, Appellant has speech and hearing difficulties, and Appellant had some minor potential for rehabilitation. However, the trial court found that the enhancement factors completely outweighed the mitigating factors for the sentences for the aggravated robbery at the restaurant and the aggravated robbery of Moore and thus, maximum sentences were appropriate. We conclude that the trial court properly considered the above evidence under mitigating factor (13). See Tenn. Code Ann. § 40-35-113(13) (1997). Further, we agree with the trial court that, under the circumstances of this case, this mitigating evidence is

entitled to little weight, when balanced against the enhancement factors in this case. As this Court has previously stated, "[e]ven if some evidence of mitigation exists, the applicable enhancement factors [may] so strongly outweigh the mitigating factors so that the maximum sentence is warranted." State v. Ruane, 912 S.W.2d 766, 785 (Tenn. Crim. App. 1995).

In short, we hold that because the four applicable enhancement factors completely outweigh the mitigating factors, a sentence of twelve years for the aggravated robbery at the restaurant is appropriate in this case. In addition, we hold that because the four applicable enhancement factors completely outweigh the mitigating factors, a sentence of twelve years for the aggravated robbery of Moore is also appropriate in this case. Further, we hold that because the three applicable enhancement factors only partially outweigh the mitigating factors, a sentence of ten years for the aggravated robbery of Covington is appropriate in this case.

### III. CONSECUTIVE SENTENCING

Appellant contends that the trial court erred when it ordered his sentence for the aggravated robbery at the restaurant to run consecutively to the sentence for the aggravated robbery of Moore. We disagree.

Consecutive sentencing is governed by Tennessee Code Annotated section 40-35-115. The trial court has the discretion to order consecutive sentencing if it finds that one or more of the required statutory criteria exist. State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995). Further, the court is

required to determine whether the consecutive sentences (1) are reasonably related to the severity of the offenses committed; (2) serve to protect the public from further criminal conduct by the offender; and (3) are congruent with general principles of sentencing. State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995).

In imposing consecutive sentences, the trial court found that Appellant was an offender whose record of criminal activity was extensive and was a dangerous offender whose behavior indicates little or no regard for human life and who has no hesitation in committing a crime in which the risk to human life is high. See Tenn. Code Ann. § 40-35-115(2), (4) (1997). We agree with the trial court that Appellant is an offender who has an extensive criminal record. Indeed, Appellant has an adult criminal record consisting of one conviction for cocaine possession, one conviction for theft of property worth between $1,000 and $10,000, two convictions for theft of property worth up to $500, and two convictions for criminal trespass. In addition, Appellant's record also consists of juvenile adjudications for aggravated burglary, theft of property worth up to $500, assault, and three adjudications for delinquent acts that are not defined. We also agree with the trial court that Appellant is a dangerous offender whose behavior indicates little or no regard for human life and who has no hesitation in committing a crime in which the risk to human life is high. Indeed, within a five month period, Appellant committed three aggravated robberies by use of a deadly weapon and he fired at least two shots at a victim, one of which hit the victim in the leg.

In this case, the trial court made no express finding that the Wilkerson test was satisfied. However, we conclude that it is. First, consecutive sentences are reasonably related to the severity of Appellant's offenses. Indeed, Appellant was

convicted of three serious felony offenses that put the lives of several victims at risk.  Second, consecutive sentences are required in this case in order to protect the public from further criminal conduct by Appellant.  The record indicates that Appellant's criminal conduct has become more and more serious over time.  Further, the fact that Appellant continued to engage in criminal activity from age twelve until he was arrested at age twenty for the offenses in this case indicates that he poses a continuing threat to the public.  Finally, consecutive sentencing in this case is congruent with general principles of sentencing.[5]  This issue has no merit.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
DAVID G. HAYES, JUDGE

_____
JAMES CURWOOD WITT, JR. JUDGE

---

[5]Appellant contends that the trial court erred when it ordered the sentence for the aggravated robbery at the restaurant to run consecutively to the sentence for the aggravated robbery of Moore because the aggravated robbery at the restaurant occurred first in time.  As authority for this proposition, Appellant cites Tennessee Code Annotated section 40-20-111(a) and State v. Arnold, 824 S.W.2d 176 (Tenn. Crim. App. 1991).  However, these authorities merely stand for the proposition that a sentence may not be ordered to run consecutively to a sentence that will be imposed in the future. See Tenn. Code Ann. § 40-20-111(a) (1997); Arnold, 824 S.W.2d at 178. In addition, this Court has previously held that when a court imposes consecutive sentences, it is irrelevant whether the conviction for the first offense occurs before the conviction for the second offense and it is immaterial whether sentence one is consecutive to sentence two, or vice versa, because the sentences are consecutive in either case.  State v. Blanton, 926 S.W.2d 953, 961 (Tenn. Crim. App. 1996).