# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### APRIL 1999 SESSION



**FILED**

May 17, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **NO. 03C01-9806-CR-00223** |
| Appellant, | ) | |
| | ) | **ROANE COUNTY** |
| **VS.** | ) | |
| | ) | **HON. E. EUGENE EBLEN,** |
| **JOY ELIZABETH BARRON,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Sentencing) |

**FOR THE APPELLANT:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**TODD R. KELLEY**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**CHARLES E. HAWK**
District Attorney General

**FRANK A. HARVEY**
Assistant District Attorney General
P.O. Box 703
Kingston, TN  37763-0703

**FOR THE APPELLEE:**

**JOE H. WALKER**
District Public Defender

**WALTER B. JOHNSON II**
Assistant District Public Defender
502 Roane Street
P.O. Box 334
Harriman, TN  37748-0334

**OPINION FILED:** _____

**REVERSED AND REMANDED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

A Roane County Grand Jury indicted defendant in February 1997 for four criminal offenses, including three felonies. While on bond, defendant committed another felony in Loudon County. She pled guilty in Loudon County and was sentenced in November 1997. Subsequently, she pled guilty and was sentenced on the Roane County charges in June 1998. The trial court allowed the Roane County sentences to run concurrently to the Loudon County convictions.[1] The state appeals this decision and argues that consecutive sentencing is mandatory under these circumstances. Defendant concedes the issue, and we agree. Thus, we REVERSE and REMAND for entry of modified judgments which reflect that the sentences for the Roane County convictions run consecutively to the Loudon County conviction.

**FACTS**

In February 1997, a Roane County Grand Jury indicted Joy Elizabeth Barron for two aggravated burglaries, theft of property under $500, and theft of property over $1000 (Roane County Nos. 11640 and 11641). While out on bond for these offenses, defendant committed a drug-related felony in Loudon County (Loudon County No. 9398.)

Defendant pled guilty and was sentenced on the Loudon County offense in November 1997. She subsequently pled guilty to the Roane County charges in June 1998. The trial court allowed the Roane County sentences to run concurrently to the Loudon County drug offense. The state appealed, claiming that the Roane

---

[1]Although the trial court stated at the sentencing hearing that the sentences would run concurrently, the written judgments of conviction are silent as to whether the sentences are to run concurrently or consecutively. Tenn. R. Cr. P. 32(c)(3) provides that if a defendant is sentenced for a felony committed while on bond and defendant is convicted of both offenses, "the sentence shall be consecutive whether the judgment explicitly so orders or not." Nevertheless, we will remand for entry of modified judgments to avoid any confusion.

County convictions should run consecutively to Loudon County No. 9398 and other unrelated charges.[2]

## CONSECUTIVE SENTENCING

Tenn. R. Crim. P. 32(c)(3) provides:

> [w]here a defendant is convicted of multiple offenses from one trial or where the defendant has additional sentences not yet fully served as the result of the convictions in the same or other court and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not.  This rule shall apply:
> . . .
> (C) To a sentence for a felony where the defendant was released on bail and the defendant is convicted of both offenses . . . .

Defendant committed the Loudon County drug offense while on bond for the Roane County offenses.  She pled to, and was convicted of, the Loudon County offense; then she pled to, and was convicted of, the Roane County offenses.

Under these circumstances, the sentencing statute divests the trial court of discretion and requires the sentences to run consecutively.  "In any case in which a defendant commits a felony while . . . released on bail . . . and the defendant is convicted of both such offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that such sentences be served cumulatively."  Tenn. Code Ann. § 40-20-111(b).  The last sentencing court has the responsibility to determine whether or not a sentence should be served consecutively.  State v. Arnold, 824 S.W.2d 176, 178 (Tenn. Crim. App. 1991).

The Roane County trial court, as the last sentencing court, had the responsibility to review defendant's various convictions in order to determine that defendant's sentences should run consecutively.  The trial court erred when it allowed the sentences in Roane County Nos. 11640 and 11641 to run concurrently

---

[2]The record reflects that the unrelated charges include a felony and misdemeanor offense.  However, they are irrelevant to the determination of this appeal since the felony was not committed while defendant was on bond; and consecutive sentencing is not mandatory for a misdemeanor offense committed while on bond for a felony.

3

with Loudon County No. 9398 in contravention of Tenn. Code Ann. § 40-20-111(b) and Tenn. R. Crim. P. 32(c)(3).

## CONCLUSION

Based upon the foregoing, we REMAND for entry of modified judgments to reflect the sentences for Roane County Nos. 11640 and 11641 running consecutively to the sentence for Loudon County No. 9398.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JERRY L. SMITH, JUDGE**

_____
**NORMA McGEE OGLE, JUDGE**