IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 20, 2015

### STATE OF TENNESSEE v. PERRY L. McCROBEY

**Appeal from the Criminal Court for Hamilton County**
**No. 201142      Rebecca J. Stern, Judge**

_____

### No. E2014-01953-CCA-R3-CD – Filed September 29, 2015

_____

Defendant, Perry L. McCrobey, appeals from the trial court's summary dismissal of his motion filed pursuant to Tennessee Rule of Criminal Procedure 36.1. The State concedes that the trial court erred by summarily dismissing Defendant's motion. Following our review of the parties' briefs, the record, and the applicable law, we reverse the trial court's order dismissing the motion and remand for appointment of counsel if Defendant is indigent and for other proceedings pursuant to Tennessee Rule of Criminal Procedure 36.1.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Criminal Court Reversed and Remanded**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Perry L. McCrobey, *Pro* Se, Atlanta, Georgia.

Herbert H. Slatery III, Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; and William H. Cox, III, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

*Procedural history*

On April 27, 1994, Defendant was indicted by the Hamilton County Grand Jury in case number 201142 for possession of cocaine with intent to sell on December 27, 1993. On April 7, 1995, Defendant pleaded guilty to the offense with an agreed sentence of eight years as a Range I offender to be served in confinement. The judgment form indicates that the sentence is to be served concurrently with a "[f]ederal [s]entence."

On July 28, 2014, Defendant filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1, arguing that his sentence was illegal because the trial court ordered his state sentence to be served concurrently to his federal drug sentence in direct contravention of Tennessee Rule of Criminal Procedure 32(c)(3) and Tennessee Code Annotated section 40-20-111(b). Defendant argued that he was on bail for the state charges when he committed the federal offense. On September 10, 2014, the trial court summarily denied Defendant's motion and made the following findings:

The Court understands [Defendant] to allege in the original motion or memorandum:

(1) that, on 27 December 1993, he was indicted for possession of cocaine for resale [sic] and released on bail;
(2) that, in federal court, he was indicted and, on or about 27 March 1995, was sentenced to thirty months;
(3) that, on 7 April 1995, pursuant to a plea agreement, he pled guilty and was sentenced to the department of correction for a term of eight years, concurrent with the 27 March 1995 federal sentence;
(4) that the provision for a concurrent sentence was material to the plea agreement but illegal under T.C.A. § 40[-] 20[-] 111(b) and Tenn. R. Crim. Ap. 32(c)(3), which mandate a consecutive sentence for a felony that defendant commits while on bail; and
(5) that, Rule 36.1 authorizing a motion thereunder "at any time," the expiration of the sentence does not preclude relief under the rule.

The Court understands him to clarify in the amendment that, at the time of the federal offense, he was on bond in this case. With the motion, he submits copies of the indictment and the judgment. From his address, it appears that he is an inmate of a federal prison in Georgia.

The record reflects that, on 27 December 1993, the defendant was arrested for possession of cocaine for resale and resisting stop or frisk and released on bail. On 27 April 1994, he was indicted for possession of cocaine for resale [sic].

Assuming *arguendo* that Rule 36.1, effective 1 July 2013, authorizes the correction of a sentence that was illegal, *see Fraizer v. State*, 2014 Tenn. Crim. App. LEXIS 557, (16 June)(reversing the summary dismissal of a 21 September 2013 motion pursuant to Rule 36.1 alleging the illegality of two concurrent, 19 July 2004 sentences of two years without

2

mentioning the expiration of the sentences), the Court finds that the subject motion does not state a colourable [sic] claim of illegality under T.C.A. § 40-20-111(b) or Tenn. R. Crim. P. 32(c)(3)(C). The motion does not allege that the defendant was on bail at the time of the offense in this case; it alleges that he was on bail in this case at the time of the offense in the federal case.

*Analysis*

Defendant filed the motion that is the subject of this appeal pursuant to Tennessee Rule of Criminal Procedure 36.1. In the motion, Defendant argued that by aligning his state sentence concurrently with his federal sentence, the trial court imposed an illegal sentence under Tennessee Code Annotated section 40-20-111(b) because he was released on bail in the state case when he committed the federal offense. He argued that the trial court should have aligned his sentences consecutively because Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c) mandate consecutive sentences when a defendant commits a felony while the defendant is released on bail and the defendant is convicted of both offenses. As noted above, the trial court summarily dismissed Defendant's Rule 36.1 motion.

T.C.A. § 40-20-111(b) provides in pertinent part:

In any case in which a defendant commits a felony while the defendant was released on bail in accordance with chapter 11, part 1 of this title, and the defendant is convicted of both offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that the sentences be served cumulatively.

We also note that subparagraph (a) of T.C.A. § 40-20-111 states that sentences should be "imposed in a progressive fashion with the successive sentences being determined to be served concurrently or consecutively to those previously imposed." *See State v. Arnold*, 824 S.W.2d 176, 177-78 (Tenn. Crim. App. 1991). Defendant's motion in this case indicates that the federal sentence was imposed on March 27, 1995, and his state sentence was imposed on April 7, 1995. A federal sentence is referenced on the judgment form for the state offense.

Tenn. R. Crim. P. 32(c) (2) (B) provides:

If, as a result of conviction in another state or in federal court, the defendant has any additional sentence or portion thereof to serve, the court shall impose a sentence that is consecutive to any such unserved

sentence unless the court determines in the exercise of its discretion that good cause exists to run the sentences concurrently and explicitly so orders.

Tenn. R. Crim. P. 32(c) (3) further provides:

When a defendant is convicted of multiple offenses from one trial or when the defendant has additional sentences not yet fully served as the result of convictions in the same *or other courts* and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not.  This rule shall apply:

    (A)    to a sentence for a felony committed while on parole for a felony;

    (B)    to a sentence for escape or for a felony committed while on escape;

    (C)    to a sentence for a felony committed while the defendant was released on bail and the defendant is convicted of both offenses; and

    (D)    for any other ground provided by law.

(emphasis added).

In 2012, the Tennessee Supreme Court promulgated and adopted Rule 36.1, which was ratified and approved by the Tennessee General Assembly by House Resolution 33 and Senate Resolution 11 and became effective on July 1, 2013.  Complier's Notes, Tenn. R. Crim. P. 36.1.  The rule provides, in part:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered.  For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party.  If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant.  The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1)  If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement.  If not, the court shall enter an amended uniform judgment document, *see* Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(3)  If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement.  If so, the court shall give the defendant an opportunity to withdraw his or her plea.  If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant.  If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4)  If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

Tenn. R. Crim. P. 36.1.

The legislature also approved a proposed amendment to Tennessee Rule of Appellate Procedure 3(b) to provide both the State and a defendant with an appeal as of right from "an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure."  Therefore, Rule 36.1 provided a new appeal as of right for individuals who had received an illegal sentence.  Pursuant to Rule 36.1, an appellant would be entitled to a hearing and appointment of counsel if he stated a colorable claim for relief.  Tenn. R. Crim. P. 36.1(b); *see Marcus Deangelo Lee v. State*, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *6 (Tenn. Crim. App., Mar. 7, 2014).  Because Rule 36.1 does not define "colorable claim," this court has adopted the definition of a colorable claim used in the context of post-conviction proceedings from Tennessee Supreme Court Rule 28 § 2(H):  "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief. . . ."  *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App., July 16, 2014) (quoting Tenn. Sup. Ct. R. 28 § 2(H)).

On appeal, the State agrees that the trial court erred by summarily dismissing Defendant's motion without appointing counsel. The State concedes that Defendant presented a colorable claim for relief from an alleged illegal sentence in his state and federal convictions because Defendant alleges that he committed the felony offense while he was on bail for the state drug offense. We agree with the State. Defendant stated a colorable claim. Rule 36.1, by its explicit terms, states that a defendant may "at any time" seek correction of an illegal sentence. We note that in a previous opinion concerning the dismissal of Defendant's previously filed petition of writ of habeas corpus, petition for post-conviction relief, and a petition for a writ of error coram nobis a panel of this Court pointed out that the state sentence had "apparently expired." *Perry L. McCrobey v. State*, No. E2014-00369-CCA-R3-HC, 2014 WL 6991683 at *2 (Tenn. Crim. App. Dec. 11, 2014). However, Rule 36.1 does not exempt its applicability to "expired" sentences.

The judgment of the trial court is reversed and this case is remanded to the trial court for further proceedings consistent with this opinion and in compliance with all the provisions of Tennessee Rule of Criminal Procedure 36.1.

_____
THOMAS T. WOODALL, PRESIDING JUDGE