FILED

05/05/2017

Clerk of the
Appellate Courts



## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs March 14, 2017

## STATE OF TENNESSEE v. CARVIN L. THOMAS

### Appeal from the Criminal Court for Davidson County
### No. 2000-D-2269    Steve R. Dozier, Judge
_____

### No. M2016-01813-CCA-R3-CD
_____

The Appellant, Carvin L. Thomas, filed a motion to correct an illegal sentence in the Davidson County Criminal Court pursuant to Tennessee Rule of Criminal Procedure 36.1.  The trial court summarily dismissed the motion, and the Appellant appeals the ruling.  Based upon our review of the record and the parties' briefs, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

NORMA McGEE OGLE, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and CAMILLE R. McMULLEN, JJ., joined.

Carvin L.Thomas, Only, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; and Glenn Funk, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

Following a jury trial, the Appellant was convicted of count one, especially aggravated robbery; count two, aggravated burglary; count four, especially aggravated kidnapping; count seven, unlawful possession of a handgun at a place open to the public; and count eight, simple possession of cocaine as a lesser-included offense of felony possession.  State v. Carvin Lamont Thomas, No. M2002-01716-CCA-R3-CD, 2003 WL 21233512, at *1 (Tenn. Crim. App. at Nashville, May 28, 2003), perm. to appeal denied, (Tenn. Oct. 27, 2003).  The trial court sentenced the Appellant to ten years for especially aggravated robbery; six years for aggravated burglary; twenty-four years for especially

aggravated kidnapping; eleven months, twenty-nine days for possession of a handgun; and eleven months, twenty-nine days for simple possession. Id. The trial court ordered that the Appellant serve the sentences for the especially aggravated robbery, aggravated burglary, and especially aggravated kidnapping convictions consecutively and that he serve the sentences for the possession of a handgun and simple possession convictions concurrently with the other sentences for a total effective sentence of forty years. Id. On direct appeal of his convictions, the Appellant challenged only his especially aggravated kidnapping conviction. Id. This court upheld the conviction and affirmed the judgment of the trial court. Id.

On July 20, 2016, the Appellant filed a pro se motion to correct an illegal sentence pursuant to Rule 36.1, Tennessee Rules of Criminal Procedure, arguing that his effective forty-year sentence was illegal because the trial court ordered that he serve the ten-year sentence in count one consecutively to the six-year sentence in count two and simultaneously ordered that he serve the six-year sentence in count two consecutively to the ten-year sentence in count one and the twenty-four-year sentence in count four. He contended that the trial court failed to consider the "correct method of service" when imposing the sentences and created "an impossible sentence to serve, which is illegal." On August 1, 2016, the trial court summarily dismissed the motion, finding that it failed to state a colorable claim under Rule 36.1.

## II. Analysis

The Appellant contends that the trial court erred in summarily dismissing his Rule 36.1 motion because his sentences were imposed in a manner that makes them impossible to serve and, thus, illegal. The State argues that because the Appellant only challenges the trial court's procedure of imposing the sentences, the Appellant did not raise a cognizable claim for relief under Rule 36.1. We agree with the State.

Tennessee Rule of Criminal Procedure 36.1(a) provides, in part:

(1) Either the defendant or the state may seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. . . .

(2) For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

If an appellant's motion states a "colorable claim that the sentence is illegal," the trial court shall appoint counsel and hold a hearing on the motion. See Tenn. R. Crim. P. 36.1(b). "Rule 36.1 does not define 'colorable claim.'" State v. Wooden, 478 S.W.3d 585, 592 (Tenn. 2015). Nevertheless, our supreme court has explained that "for purposes of Rule 36.1, . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." Id. at 593.

"When any person has been convicted of two (2) or more offenses, judgment shall be rendered on each conviction after the first conviction; provided, that the terms of imprisonment to which the convicted person is sentenced shall run concurrently or cumulatively in the discretion of the trial judge." Tenn. Code Ann. § 40-20-111(a).

The Appellant relies on State v. Arnold, 824 S.W.2d 176 (Tenn. Crim. App. 1991), for his argument that the trial court improperly sentenced him. In Arnold, this court noted that "'a sentence may only be run consecutively to a previously imposed sentence.'" Id. at 178 (quoting Thompson v. State, 565 S.W.2d 889 (Tenn. Crim. App. 1977)). This court remanded the trial court's imposition of a consecutive sentence because the trial court sentenced the defendant consecutively to a sentence not yet imposed by another court. Arnold, 824 S.W.2d at 178. However, Arnold is easily distinguishable from the present case because the Appellant was sentenced consecutively for sentences imposed by the trial court in the same matter.

The Appellant is not challenging the effective sentence imposed but rather the process by which the trial court announced the sentences on the judgment forms. Specifically, he contends that the trial court had to order that he serve count two consecutive to count one and count four consecutive to count two pursuant to Tennessee Code Annotated section 40-20-111(a) and Arnold. However, Rule 36.1 "is directed at the sentence finally imposed, not the methodology by which it is imposed." State v. Jonathan T. Deal, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. at Knoxville, June 17, 2014). Here, the record reflects that the trial court correctly ordered the length of sentence on each count and then decided the manner of service of the sentences. Accordingly, we agree with the trial court that the motion fails to state a cognizable claim for relief under Rule 36.1 and conclude that the trial court properly dismissed the motion.

## III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA MCGEE OGLE, JUDGE