EX PARTE JOHN WILLIAM WARD

No. 27,450. January 26, 1955

*Ray Stevens*, Austin, for relator.

*Wesley Dice*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Relator, an inmate of the penitentiary of this state, applies for writ of habas corpus alleging that he is illegally restrained by reason of the sentences hereinafter mentioned, which he says have been served.

The application was filed and the cases set for hearing on the question of whether the writ should issue.

It is shown that on March 13, 1951, relator was found guilty

of the offense of felony theft and judgment was entered on said date so adjudging. This was in the district court of Williamson County, in Cause No. 12,003.

An attempted appeal from this judgment was dismissed by this court because no sentence had been pronounced. Ward v. State, 240 S.W. 2d 304.

The next judicial proceeding in which appellant is shown to have been involved is his conviction in Cause No. 27341 in the 53rd Judicial District Court of Travis County, wherein on December 4, 1953, in Cause No. 27,341, he was found guilty of forgery and assessed a two-year term in the penitentiary. Also on the same day he was sentenced in that court, the sentence containing the provision "said sentence to run concurrent to a sentence from Williamson County."

It does not appear that relator was, on December 4, 1953, under sentence from Williamson County, for, some 15 days later, on December 19, 1953, sentence was pronounced against him in accordance with the judgment of March 13, 1951, which sentence was effectively cumulated so as to begin at the expiration of the sentence in said Cause No. 27,341 in the 53rd District Court of Travis County.

We understand relator's contention to be that the above described conviction in the 53rd District Court of Travis County is void for lack of certainty, by reason of the provision that the sentence run concurrent to a sentence from Williamson County, and that the sentence thereafter pronounced in Williamson County was tainted with the same indefiniteness and the cumulation was, for that reason, ineffectual. Having served two years, he contends that both sentences have been satisfied. We do not agree.

The provision of the Travis County sentence, that it be concurrent with sentence from Williamson County, added nothing and detracted nothing from the sentence being pronounced.

In the absence of a valid provision cumulating it, such sentence would by law be concurrent with any sentence previously pronounced.

Moreover, the judge of the 53rd District Court of Travis County was without authority to determine whether the sen-

tence he was then pronouncing should be served concurrently with a sentence to be thereafter pronounced or the sentences be cumulated. That discretion was vested alone in the judge who pronounced the later sentence. Art. 774 C.C.P.

The judge of the district court of Williamson County exercised such discretion on December 19, 1953, and ordered that the sentence pronounced on that date should not begin until the expiration of the sentence theretofore pronounced December 4, 1953.

Relator is lawfully restrained under said cumulated sentence.

The application for habeas corpus is denied.