**Donnie THOMPSON, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Oct. 20, 1977.

Thomas H. Strawn, Tullahoma, for appellant.

Brooks McLemore, Jr., Atty. Gen., William O. Kelly, Asst. Atty. Gen., Nashville, Charles S. Ramsey, Jr., Dist. Atty. Gen., Manchester, for appellee.

## OPINION

DAUGHTREY, Judge.

The principal issue raised by this appeal concerns the validity of the trial court's order running the sentence imposed in this case consecutively to any sentence which might later be imposed as the result of charges then pending in another county which had not yet produced a conviction or other final judgment. We hold that the trial court's attempt to engage in what amounts to consecutive sentencing *in futuro* was without efficacy.

On June 15, 1976, the defendant-appellant, Donnie Thompson, pleaded guilty to a reduced charge of second degree burglary in return for the district attorney's recommendation of a minimum sentence of three years, to be served concurrently with any sentences imposed as a result of other out-of-county charges pending against Thompson. The original order of judgment was superceded by an order entered two weeks later, on June 29, 1976, at which time the trial judge took the matter of concurrent/consecutive sentencing under advisement.

After a hearing, the trial judge entered yet another order on September 8, 1976, which required "that the sentence imposed upon the defendant should run consecutive-

ly with the sentence imposed in Franklin County *and any sentence which the defendant may receive in Moore County* for criminal conduct prior to the date of this order, including his escape from custody in Moore County" (emphasis supplied). The September 8 order further recited that the defendant would not "receive credit on the Coffee County sentence for any time he has been outside the State Penitentiary awaiting trial in Moore County."

Upon the defendant's motion to reconsider the sentencing order, the trial judge reviewed his determination, and on December 3, 1976, he reiterated the terms of the October 8 order, with one exception: he changed the final provision to prohibit credit on the defendant's sentence "for any time that he has been outside the State Penitentiary awaiting trial in Moore County *or any other county or jurisdiction* " (emphasis supplied).

This appeal is before us on the technical record alone. The defendant contends that the final judgment entered on December 3 is erroneous primarily because it purports to delay service of his penitentiary term until the expiration of an unspecified sentence based upon a conviction not in existence at the time of his Coffee County conviction. He also complains that the sentencing order fails to allow credit for time served prior to his incarceration in the state penitentiary for the offense on which this conviction is based. We find merit in both these assignments of error.

Under the express terms of T.C.A. § 40–2711:

> [W]hen any person *has been convicted* of two (2) or more offenses, judgment shall be rendered on each conviction after the first, providing that the terms of imprisonment to which such person is sentenced shall run concurrently or cumulatively in the discretion of the trial judge . . . (emphasis supplied).

We conclude, and the State appears to concede, that under the terms of the statute a sentence may only be run consecutively to a previously imposed sentence. There is no statutory authority for the *in futuro* order entered in this case. It would be solely within the discretion of the Moore County Court to determine whether a sentence resulting from a subsequent Moore County conviction should be served consecutively to or concurrently with the pre-existing Coffee County sentence now under review.

We find no error in the trial court's decision to run the defendant's sentence consecutively to a pre-existing Franklin County sentence. However, the order should be modified to delete any reference to charges pending in Moore County. Furthermore, the modified order should clearly reflect the defendant's right to "credit on his sentence for any period of time for which he was committed and held in the city jail . . , or county jail or workhouse, pending his arraignment and trial" and for any "time he served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which he was tried," in compliance with T.C.A. § 40–3102.

The judgment is hereby remanded for further proceedings not inconsistent with this opinion.

RUSSELL, Panel P. J., and GALBREATH, J., concur.