**STATE of Tennessee, Appellee,**

v.

**Shirley ARNOLD, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Oct. 3, 1991.

Rachel E. Willis, Asst. Public Defender, Tullahoma, for appellant.

Charles W. Burson, Atty. Gen., David M. Himmelreich, Deputy Attorney Gen., Nashville, Charles S. Ramsey, Jr., Dist. Atty. Gen., and Kenneth Shelton, Jr., Asst. Dist. Atty. Gen., Manchester, for appellee.

## OPINION

TIPTON, Judge.

The defendant, Shirley Arnold, appeals as of right from sentences imposed by the Coffee County Circuit Court on her convictions, by guilty pleas, for two robberies and an assault with intent to commit robbery. The sentences were to run concurrently with each other for an effective total of six years confinement in the Department of Correction with the defendant being a Range I, standard offender. However, the trial court ordered the six-year sentence "to be served consecutive to any and all other sentences theretofore imposed upon the defendant, including those sentences imposed upon her in Lincoln County specifically and others of which the Court has not been made aware."

The defendant asserts that the trial court erred in requiring the sentence to be served consecutively to those received in Lincoln County. Specifically, she claims that (1) the Lincoln County cases were not finally resolved and that the sentencing in this case was improperly "in futuro" under *Thompson v. State*, 565 S.W.2d 889 (Tenn. Crim.App.1977) and that (2) in any event, consecutive sentences were not called for

---

4. *United States v. Gullett*, 713 F.2d 1203 (6th Cir.1983).

under *Gray v. State*, 538 S.W.2d 391 (Tenn. 1976).

The transcript of the June 21, 1990, Coffee County guilty plea hearing reflects that the defendant had undertaken a series of robberies in Coffee and Lincoln Counties over a six-day period. Her three guilty pleas in this case related to two robberies of the same food store on October 19 and 20, 1989, and an attempted robbery of another store on October 20, 1989. She was arrested on October 27, 1989, in Lincoln County after having committed similar robberies there.

At the plea hearing, the state advised the trial court that the agreement reached with the defendant entailed concurrent sentences totaling six years. However, the state told the trial court that the defendant had previously been convicted in Lincoln County, upon guilty pleas, of two counts of armed robbery and had received an eight-year sentence. The trial court accepted the pleas and the recommended sentences, entering judgments thereon, but it deferred determination of whether or not the sentences would run consecutively to the Lincoln County cases until more information had been obtained.

Apparently, the trial court obtained a copy of the transcript of the defendant's Lincoln County guilty plea hearing held on May 25, 1990.[1] The Lincoln County transcript reflects that an agreement was reached by which the defendant was to receive an eight-year sentence for each of two robbery convictions. It reflects that the trial court accepted the pleas, but deferred the defendant's motions for concurrent sentencing and for probation until September 5, 1990.

On July 19, 1990, apparently without further hearing, the trial court in this case entered the order requiring consecutive sentences as previously quoted in this opinion. It found the defendant to be a "persistent offender, defined as one who has previously been convicted of two felonies at different times when she was over 18 years

of age" under *Gray v. State, supra,* and found that consecutive sentences were necessary "in order to protect the public from further criminal conduct."

The record on appeal, also, contains an Order of Correction and Modification of Record entered by the Coffee County Circuit Court on February 27, 1991. Attached are certified copies of the two Lincoln County judgments, dated September 5, 1990, reflecting that the defendant received concurrent eight-year sentences to confinement in the local jail for the Lincoln County offenses. The date of the certification by the Lincoln County Circuit Court Clerk was February 13, 1991.

The defendant asserts that *Thompson v. State, supra,* controls the result in this case. In *Thompson,* this Court was confronted by an order entered by the Coffee County Circuit Court requiring a sentence to be served consecutively with "any sentence which the defendant may receive in Moore County for criminal conduct prior to the date of this order." The Moore County charge was apparently pending at the time of the sentencing. In ordering the deletion of the reference to the Moore County charges, this Court stated the following:

> We conclude ... that under the terms of the statute a sentence may only be run consecutively to a previously imposed sentence. There is no statutory authority for the *in futuro* order entered in this case. It would be solely within the discretion of the Moore County Court to determine whether a sentence resulting from a subsequent Moore County conviction should be served consecutively to or concurrently with the pre-existing Coffee County sentence now under review.

565 S.W.2d at 890.

The statute to which *Thompson* referred is presently designated T.C.A. § 40-20-111(a) which, in pertinent part, states the following:

> *Concurrent or cumulative sentences.*—(a) When any person has been

---

1. The Lincoln County transcript, unsigned and not certified, reflects it was filed with the Coffee County Court clerk on July 17, 1990.

convicted of two (2) or more offenses, judgment shall be rendered on each conviction after the first, providing that the terms of imprisonment to which such person is sentenced shall run concurrently or cumulatively in the discretion of the trial judge.

The state contends that the operative fact under this statute is the fact of conviction, not sentence. Therefore, it reasons that the trial court was authorized to require the consecutive sentencing. We disagree.

T.C.A. § 40–20–111(a) indicates that imposition of judgments, including sentences, for existing convictions shall occur in a progressive fashion with the successive sentences being determined to be served concurrently or consecutively to those previously imposed. By their terms, the Lincoln County judgments and sentences were not entered or imposed until September 5, 1990. The Coffee County judgments and sentences, including their consecutive nature, were rendered on June 21 and July 19, 1990. Thus, the language in the Coffee County judgment requiring the sentence to be served consecutively to Lincoln County sentences "theretofore imposed" was surplusage and of no effect relative to the Lincoln County sentences reflected in the September 5 judgments.

■ Generally, the last sentencing court should have the responsibility to determine whether or not a sentence should be served consecutively. *See, e.g., State v. Stafford,* 368 N.W.2d 364, 366 (Minn.App.1985); *Ex parte Ward,* 161 Tex.Crim. 64, 274 S.W.2d 693 (1955). Otherwise, the first sentencing court's action would be preemptive of the last court's function and power to impose a sentence which is based upon all that has gone before. *See, e.g., United States v. Eastman,* 758 F.2d 1315 (9th Cir.1985).

The consecutive sentencing is no less *in futuro* even though the "conviction" existed at the time of sentencing. *See State v. White,* 18 Ohio St.3d 340, 481 N.E.2d 596,

598 (1985). The holding in *Thompson* applies in this case.

Since consecutive sentencing relative to the Lincoln County cases was inappropriate under *Thompson,* there is no need to review its factual legitimacy. However, we note that the uncertainty occasioned by the sentencing in this case is indicative of what may happen if the first sentencing court is entitled to order a sentence to be served consecutively to a future, unimposed sentence, particularly one to be imposed in another jurisdiction. Appellate review of the legitimacy of the sentences would necessarily entail an analysis of what transpired in both courts.

However, the record on appeal from the Coffee County case is devoid of any sentencing hearing, pre-sentence report or other materials resulting from the Lincoln County case. In fact, the attempt to correct or modify the instant record by the inclusion of the Lincoln County judgments is, essentially, a nullity. The judgments were never part of the record, nor are they now, of what transpired in the Coffee County trial court relative to sentencing.[2] Only when the issue of consecutive sentencing relates to cases in which sentences have been previously imposed, can a full and adequate record be developed and reviewed.

The Coffee County judgment should be modified to delete any reference to the Lincoln cases. Therefore, the case is remanded for modification of the judgment consistent with this opinion.

BIRCH and WADE, JJ., concur.

---

2. We do not view the inclusion of the Lincoln County judgments in the record on appeal as an

appropriate use of T.R.A.P. 14 regarding consideration of post-judgment facts.