IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 16, 2003

## STATE OF TENNESSEE v. CHARITY H. KEITH

**Direct Appeal from the Circuit Court for Williamson County**
**No. II-900-272-B   Timothy L. Easter, Judge**

---

**No. M2002-02386-CCA-R3-CD - Filed December 5, 2003**

---

Defendant, Charity H. Keith, appeals from the revocation of her probation, arguing that the trial court erred in ordering her original sentence to run consecutively to her subsequent sentences in Davidson County.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

John H. Henderson, District Public Defender; Eugene J. Honea, Assistant Public Defender, for the appellant, Charity H. Keith.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Derek K. Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On April 23, 2001, Defendant pled guilty to theft of property over $1,000, a Class D felony, and the Williamson County Circuit Court sentenced her as a Range I, standard offender to four years, which were suspended.  Defendant was ordered to serve her sentence on intensive probation.

A violation of probation warrant was issued on May 21, 2001, because Defendant had failed to report to or contact her probation officer since being placed on probation.  An amendment to the warrant was issued on June 7, 2002, stating that Defendant was in violation of the rules of her probation because she had (1) failed to obey the law; (2) failed to report her subsequent arrests and convictions; and (3) failed to pay the required court costs and fines.

At the probation revocation hearing, Taz Farmer, Defendant's probation officer, testified that Defendant had not called or contacted him since she was placed on probation on April 23, 2001.  Mr.

Farmer also said that Defendant had not paid the fines and costs associated with her 2001 conviction. In addition, Defendant had been convicted of four offenses in Davidson County since her probationary period commenced. Defendant was convicted of criminal impersonation, a Class B misdemeanor, on January 14, 2002, and received a sentence of thirty days. Defendant was convicted of theft of merchandise of less than $500, a Class A misdemeanor, on March 6, 2002, and received a sentence of forty-five days. Defendant was convicted of driving under the influence, a Class A misdemeanor, on May 23, 2002, and was sentenced to eleven months, twenty-nine days, all suspended but four days, with eleven months, twenty-nine days to be served on probation.

Mr. Farmer testified that Defendant was arrested for child abuse of a child under the age of six on January 27, 2002, and the case was bound over to the Davidson County grand jury on February 2, 2002. No judgment of conviction for this offense, however, was made a part of the record on appeal. Mr. Farmer testified that, according to the Davidson County clerk's records, Defendant pled guilty to the lesser offense of attempted child abuse of a child under the age of six, a Class E felony. Mr. Farmer said that Defendant received a two-year sentence, with all but 180 days suspended, and a two-year probation. As of the time of the revocation hearing, Defendant had served her 180-days and was currently serving her two-year probationary period.

Defendant, who lived in Alabama at the time of her 2001 conviction, testified that she did not report to Mr. Farmer because she was afraid her abusive boyfriend would take away her children if she came to Tennessee. Defendant said that she did not attempt to call Mr. Farmer later because she thought Mr. Farmer would not understand her situation. Defendant confirmed that she pled guilty to the charges of criminal impersonation, DUI and attempted child abuse but denied that she pled guilty to the theft charge.

Defendant moved to Tennessee at some point in time and stayed at a Nashville hotel. Defendant said that the criminal impersonation charge arose because she gave a false name to the police when she was stopped for expired tags. Defendant said that she left her two-year-old son with a woman, who also lived at the hotel, while Defendant went to work. The woman apparently left the hotel, leaving the child alone. When Defendant returned from work, the child had already been placed in state custody, and Defendant was arrested for child abuse. Defendant said that someone told her if she pled guilty to the charge they would help Defendant regain custody of her son. After her son was placed in state custody, Defendant was stopped and charged with driving under the influence while she was taking a friend home. Defendant denied that she was guilty of the theft offense. Defendant admitted that she had prior convictions for statutory rape and shoplifting.

At the conclusion of the hearing, the trial court revoked Defendant's probation on the basis that she had failed to report to her probation officer as required by the terms of her probation and because she had incurred new criminal convictions while on probation. Based on the testimony presented at the hearing, the trial court found that Defendant evidenced a lack of appreciation for the seriousness of the probation granted her. The trial court ordered that Defendant's original sentence of four years be served consecutively to Defendant's sentence for attempted child abuse.

Defendant appeals the trial court's order of consecutive sentencing. Because probation is a suspended sentence, Defendant contends that there is no subsequently "imposed sentence" to which Defendant's original conviction for theft in Williamson County may be consecutive. Defendant further argues that Davidson County is potentially the last sentencing court, and the Williamson County trial court's order of consecutive sentencing impermissibly preempts the Davidson County court's decision as to whether Defendant's sentences should be served consecutively should the Davidson County court at some point in time revoke Defendant's probation for the attempted child abuse conviction. Defendant also argues that even if the trial court correctly ordered Defendant to serve her sentence for theft consecutively to the Davidson County sentence for attempted child abuse, the trial court failed to consider the principles of sentencing embodied in the Tennessee Criminal Sentencing Reform Act of 1989 when making its determination. Based upon our review of the record, we find that the trial court committed no reversible error.

When a defendant challenges the length, range or manner of service of a sentence, this Court conducts a *de novo* review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is on Defendant to show the impropriety of her sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Our review requires an analysis of (1) the evidence received at the hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his or her own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210.

As Defendant points out, this Court has previously concluded that, in general, the "last sentencing court should have the responsibility to determine whether or not a sentence should be served consecutively." *State v. Arnold*, 824 S.W.2d 176, 178 (Tenn. Crim. App. 1991). If, for example, the first sentencing court orders a defendant's sentence to be served consecutively to any other sentence which may be imposed in the future by the second sentencing court, "the first sentencing court's action would be preemptive of the last court's function and power to impose a sentence which is based upon all that has gone before." *Id.*; *see also Thompson v. State*, 565 S.W.2d 889, 890 (Tenn. Crim. App. 1977).

This is not the situation present, however, in this matter. Defendant was sentenced in Davidson County for the commission of the attempted child abuse offense prior to the revocation of her probation in Williamson County. The Davidson County conviction served as one of the bases for revoking Defendant's probation in Williamson County. Tennessee Code Annotated section 40-35-310 provides that:

in any case of revocation of suspension on account of conduct by the defendant which has resulted in a judgment of conviction against the defendant during the defendant's period of probation, the trial judge may order that the term of imprisonment imposed by the original judgment be served consecutively to any sentence which was imposed upon such conviction.

Tenn. Code Ann. § 40-35-310.

The thrust of Defendant's argument is that a sentence of probation is not an "imposed" sentence as contemplated by this provision. Rather, Defendant's sentence of incarceration was partially suspended by the Davidson County court for the offense of attempted child abuse. She contends that until the Davidson County court in the future revokes Defendant's probation and reinstates her original judgment of sentencing, the Williamson County court is without power to order consecutive sentencing. We respectfully disagree.

Upon a verdict or plea of guilty, it is the duty of the trial court to determine and impose a defendant's sentence. *See* Tenn. Code Ann. § 40-35-203. An "imposed sentence" is a "specific penalty imposed for a specific offense." *State v. Langston*, 708 S.W.2d 830, 832 (Tenn. 1996). In making its sentencing determinations, the trial court must determine how the defendant's sentence will be served. *See* Tenn. Code Ann. § 40-35-212. If the sentence actually imposed is eight years or less, a defendant may be eligible to serve his or her sentence through probation rather than incarceration. *See* Tenn. Code Ann. §§ 40-35-212(a) and -303. "If the court determines that a period of probation is appropriate, the court shall sentence the defendant to a specific sentence but suspend the execution of all or part thereof and place the defendant on supervised or unsupervised probation . . . ." Tenn. Code Ann. § 40-35-303(c). The granting of probation does not, however, mean that the defendant has not had a penalty imposed for a specific offense. The "sentence" received when the trial court grants the defendant the privilege of probation is "the period of time that the defendant could be incarcerated." *Young v. State*, 101 S.W.3d 430, 432 (Tenn. Crim. App. 2002); *see also State v. Pettus*, 986 S.W.2d 540, 544 (Tenn. 1999) (recognizing that "probation and community corrections sentences are alternatives to incarceration.")

As the State points out, this Court has previously concluded that the revoking trial court has the discretion to order its revoked sentence to run consecutively to a previously imposed sentence when the defendant is convicted of a crime while on probation. *State v. Kevin Wayne Brim*, No. M1999-01925-CCA-R3-CD, 2001 WL 166362, at *1 (Tenn. Crim. App., Nashville, Feb. 9, 2001), *perm. to appeal denied* (Tenn. June 4, 2001); *see also State v. George Cantrell, III*, No. M1998-00104-CCA-R3-CD, 1999 WL 1203822, (Tenn. Crim. App., Nashville, Dec. 16, 1999). A trial judge may order a sentence of incarceration to run consecutively to a suspended sentence. *State v. Malone*, 928 S.W.2d 41, 44 (Tenn. Crim. App. 1995). In that event, the probationary term begins upon completion of the intervening custodial sentence. *Id.*

Defendant argues that even if the trial court is permitted to order consecutive sentencing under Tennessee Code Annotated section 40-35-115(b)(6), the trial court failed to make specific

findings that "an extended sentence is necessary to protect the public" and is "reasonably related to the severity of the offenses committed" as required by *State v. Wilkerson*, 905 S.W.2d 933 (Tenn. 1995). Defendant's reliance on *Wilkerson*, however, is misplaced. These specific findings are required only in the consecutive sentencing of "dangerous offenders." *State v. Lane*, 3 S.W.3d 456, 461 (Tenn. 1999). The trial court in this instance imposed consecutive sentences because Defendant was sentenced for an offense while on probation. *See* Tenn. Code Ann. § 40-35-115(b)(6). Subsection (b)(6) describes a category of offenders "deserving of consecutive sentencing." *Wilkerson*, 905 S.W.2d at 936-37. We note also that the record not only supports the trial court's finding but also supports a finding that Defendant has an extensive record of criminal activity. Tenn. Code Ann. § 40-35-115(b)(2). Defendant is not entitled to relief on this issue.

## CONCLUSION

Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, J.