IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 13, 2004

**STATE OF TENNESSEE v. RANDY ANDERSON**

**Direct Appeal from the Circuit Court for Henry County**
**No. 13191     Julian P. Guinn, Judge**

_____

**No. W2003-01472-CCA-R3-CD  - Filed June 24, 2004**

_____

The appellant, Randy Anderson, pled guilty in the Henry County Circuit Court to manufacturing methamphetamine and was sentenced to three years, with 180 days to be served in confinement and the balance to be served in the community corrections program.  The trial court ordered the sentence to be served concurrently with a previous sentence in Madison County.  The trial court subsequently revoked the appellant's community corrections sentence and resentenced the appellant to four years in the Tennessee Department of Correction, to be served consecutively to sentences imposed in Weakley and Dyer Counties.  On appeal, the appellant challenges the imposition of consecutive sentencing.  Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

W. Jeffery Fagan, Assistant District Public Defender, Camden, Tennessee, for the appellant, Randy Anderson.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Robert "Gus" Radford, District Attorney General; and Steven L. Garrett, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

On July 2, 2001, the Henry County Grand Jury issued a three-count indictment charging the appellant and four co-defendants with one count of manufacturing methamphetamine, one count of possession of anhydrous ammonia, and one count of possession of drug paraphernalia.  The appellant subsequently pled guilty to manufacturing methamphetamine and the remaining counts were

dismissed as to the appellant. On January 16, 2002, the trial court imposed a sentence of three years, with 180 days to be served in confinement and the balance to be served in the community corrections program. The trial court ordered the sentence to be served concurrently with a previous sentence in Madison County. On January 15, 2003, a violation report was filed in the trial court, alleging that the appellant had absconded from the supervision of the community corrections program and had been charged with various drug-related offenses in Weakley and Dyer Counties.

On April 14, 2003, the trial court found the appellant to be in violation of the program's behavioral agreement and revoked his community corrections sentence. The trial court scheduled a resentencing hearing for May 19, 2003. Prior to resentencing, the appellant entered guilty pleas to the charges in Weakley and Dyer Counties. On April 8, 2003, the appellant pled guilty in the Dyer County Circuit Court to possession with intent to sell methamphetamine and was sentenced to three years incarceration. On May 15, 2003, the appellant pled guilty in the Weakley County Circuit Court to manufacturing methamphetamine and possession of anhydrous ammonia and was sentenced to three years incarceration, to be served concurrently to sentences in Dyer and Madison Counties.

At the resentencing hearing, neither the appellant nor the State presented the testimony of witnesses. Instead, the parties relied upon the presentence report. The appellant asked the trial court to allow him to serve the remainder of his three year sentence concurrently to his sentences in Weakley and Dyer Counties. The appellant also admitted that he had an "extensive" drug abuse problem and asked the trial court to order drug treatment. The State did not object to the trial court ordering drug treatment, but recommended that the appellant be sentenced to five years incarceration. Following the hearing, the trial court sentenced the appellant to four years incarceration, to be served consecutively to the Weakley and Dyer County sentences.[1] The appellant appeals the imposition of consecutive sentencing.

## II. Analysis

When an appellant challenges the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003). However, this presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the record demonstrates that the trial court failed to consider the sentencing principles and the relevant facts and circumstances, review of the sentence will be purely de novo. Id.

In conducting our review, this court must consider (1) the evidence, if any, received at trial and at the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to the sentencing alternatives; (4) the nature and characteristics of the offenses; (5) any mitigating or enhancement factors; (6) any statements made by the appellant on his

---

[1]The appellant received 669 days credit for time served in jail and on community corrections.

own behalf; and (7) the appellant's potential for rehabilitation or treatment.  Tenn. Code Ann. §§ 40-35-102, -103, -210 (2003); see also Ashby, 823 S.W.2d at 168.  The burden is on the appellant to show that the sentence is improper.  Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Tennessee Code Annotated section 40-36-106(e)(4) (2003) grants a trial court the authority to resentence a defendant following revocation of a community corrections sentence.  See also State v. Samuels, 44 S.W.3d 489, 493 (Tenn. 2001).  The statute provides that the trial court "may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration."  Tenn. Code Ann. § 40-36-106(e)(4).  In resentencing a defendant, the trial court may impose a sentence of incarceration greater than the sentence originally imposed.  Samuels, 44 S.W.3d at 493.  However, prior to resentencing, the trial court must conduct a sentencing hearing in accordance with the principles of the Criminal Sentencing Reform Act.  Id. at 494.

At the resentencing hearing, the trial court noted that the appellant was being sentenced as a Range I standard offender for which the presumptive sentence for a Class C felony was three years.  Tenn. Code Ann. §§ 40-35-112(a)(3), -210(c) (2003).  The trial court increased the appellant's sentence to four years, finding the following enhancement factors to be applicable:

> (2) The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; [and]
> (9) The defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community.

Tenn. Code Ann. § 40-35-114(2) and (9) (2003).  The trial court found "no grounds to mitigate."  The trial court then ordered the sentence to be served consecutively to the sentences imposed in Weakley and Dyer Counties.

The appellant contends that because the Weakley and Dyer County offenses were committed subsequent to the instant offense, the trial court was not authorized to order the sentence to be served consecutively to the sentences in those counties.[2]  In support of his contention, the appellant cites Thompson v. State, 565 S.W.2d 889, 889-90 (Tenn. Crim. App. 1977), in which the Coffee County Circuit Court had entered an order requiring a defendant to serve his sentence consecutively to "any sentence which the defendant may receive in Moore County for criminal conduct prior to the date of this order."  On appeal, this court ordered the modification of the circuit court's order to delete any reference to charges pending in Moore County.  Id. at 890.  This court concluded that "under the

---

[2]The Weakley County offenses were committed on October 11 and November 21, 2002, and the Dyer County offense was committed on January 4, 2003.  Accordingly, these offenses were committed while the appellant was serving his community corrections sentence in the instant case.

terms of the statute a sentence may only be run consecutively to a *previously imposed sentence*. There is no statutory authority for the in futuro order entered in this case." Id. (emphasis added). We conclude that the instant case is readily distinguishable from Thompson.

The statute referred to in Thompson, 565 S.W.2d at 890, was Tennessee Code Annotated section 40-2711, which is presently designated section 40-20-111(a). This statute provides that "[w]hen any person has been convicted of two (2) or more offenses, judgment shall be rendered on each conviction after the first, providing that the terms of imprisonment to which such person is sentenced shall run concurrently or cumulatively in the discretion of the trial court." Tenn. Code Ann. § 40-20-111(a). Pursuant to this statute, the "imposition of judgments, including sentences, for existing convictions shall occur in a progressive fashion with the successive sentences being determined to be served concurrently or consecutively to those previously imposed." State v. Arnold, 824 S.W.2d 176, 178 (Tenn. Crim. App. 1991).

Unlike the defendant in Thompson, the appellant's sentences in Weakley and Dyer Counties were imposed prior to resentencing in the instant case. As we have noted, the appellant was sentenced in Dyer County on April 8, 2003, prior to the revocation of his community corrections sentence on April 14, 2003. The appellant was sentenced in Weakley County on May 15, 2003, prior to resentencing on May 19, 2003. The Weakley and Dyer County offenses served as grounds for revoking the appellant's community corrections sentence. We conclude that the trial court was authorized to order the appellant's sentence in the instant case to be served consecutively to the "previously imposed sentences" in Weakley and Dyer Counties. See State v. Charity H. Keith, No. M2002-02386-CCA-R3-CD, 2003 WL 22888920 (Tenn. Crim. App. at Nashville, Dec. 5, 2003).

Having addressed the authority of the trial court to impose consecutive sentencing, we will now address the propriety of the imposition of consecutive sentencing. A trial court may impose consecutive sentences if the court finds by a preponderance of the evidence that

> (1) [t]he defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood;
> (2) [t]he defendant is an offender whose record of criminal activity is extensive;
> (3) [t]he defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist . . . ;
> (4) [t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;
> (5) [t]he defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor . . . ;
> (6) [t]he defendant is sentenced for an offense committed while on probation; or
> (7) [t]he defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(a) and (b) (2003).

In imposing consecutive sentencing, the trial court stated,

> It is my understanding that it probably ought to be consecutive under [Tennessee Code Annotated section] 40-35-115.
>
> This man is a dope dealer. He can play whatever games he wants to play. The long and the short of it is this whining cry that he wants treatment never arises until the ax falls and then when the ax falls the man wants to wave his hands and say, Look, I need some treatment, but up until then he has no problem; he just wants to deal in dope. . . . [I]t is my opinion that the man has the criminal records in the dope field. I think that I've got to get him off the streets.

The trial court's imposition of consecutive sentencing appears to be based upon the appellant's extensive criminal history. Our review of the record reflects that the appellant's criminal record was extensive and supports consecutive sentencing. Tenn. Code Ann. § 40-35-115(b)(2). In addition to the drug-related convictions in Weakley and Dyer Counties, the presentence report reflects that the appellant had numerous prior convictions, including additional drug convictions, possession of contraband in a penal facility, felony failure to appear, and theft. Moreover, at the time the appellant committed the instant offense, he was on probation in Madison County. Tenn. Code Ann. § 40-35-115(b)(6). Thus, we conclude the trial court committed no error by imposing consecutive sentencing.

### III. Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE