# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
May 18, 2004 Session

## STATE OF TENNESSEE v. CARL E. MUNCEY, a/k/a BOO MUNCEY

**Appeal from the Criminal Court for Sullivan County**
**No. S45,642     Phyllis H. Miller, Judge**

_____

**No. E2003-02314-CCA-R3-CD - Filed July 2, 2004**

_____

A Sullivan County Criminal Court jury convicted the defendant, Carl E. Muncey, of possession of cocaine, possession of marijuana, and possession of Alprazolam, Class A misdemeanors, and the trial court sentenced him to eleven months, twenty-nine days for each conviction and fined him a total of $2,500. The trial court ordered that the defendant serve his sentences for the possession of cocaine and marijuana convictions consecutively and that all of the convictions be served consecutively to Washington County sentences. The defendant appeals, claiming (1) that the trial court improperly applied enhancement and mitigating factors; (2) that the trial court erred by ordering consecutive sentencing; and (3) that the trial court erred by denying his request for alternative sentences. We conclude that the trial court properly sentenced the defendant relative to the lengths, manner of service, and consecutive nature of the offenses in this case. However, we conclude that the trial court erred in ordering these sentences to be served consecutively to the Washington County sentences, and we remand the case for modification of the judgments by deleting any reference to the Washington County cases.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed in Part; Reversed in Part; Case Remanded**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Richard A. Spivey and Timothy Reid Wilkerson, Kingsport, Tennessee, for the appellant, Carl E. Muncey, a/k/a Boo Muncey.

Paul G. Summers, Attorney General and Reporter; Michelle Chapman McIntire, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Jack Lewis Combs, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case relates to the defendant's possessing marijuana, cocaine, and Alprazolam on February 7, 2001. Little is known about the facts of this case because the trial transcript has not been included in the appellate record. However, according to the facts in the presentence report, Detective Sean Chambers of the Kingsport Police Department and another detective saw what appeared to be a drug deal take place in the Red Lion Package Store parking lot. The detectives followed one of the cars involved to 1408 Prospect Drive, where the driver parked the car illegally. As the driver, who was the defendant, got out of the car, Detective Chambers approached him and identified himself as a police officer. He then saw the defendant drop a plastic bag on the ground and kick the bag underneath the car. Detective Chambers picked up the bag and saw that it contained four large balls wrapped in aluminum foil and three plastic bags with white powder in them. The detectives arrested the defendant, searched his person, and found a plastic bag containing marijuana in his front pants pocket. While searching the defendant's car, the detectives found a blue pill on the driver's side floorboard. They found another blue pill on the pavement where the defendant had kicked the plastic bag. The defendant was charged with possession of one-half gram or more of cocaine with intent to sell within one thousand feet of a school, a Class A felony; possession of one-half ounce or more of marijuana with intent to sell within one thousand feet of a school, a Class D felony; and possession of Alprazolam with intent to sell within one thousand feet of a school, a Class A misdemeanor.

On June 3, 2003, a jury convicted the defendant of misdemeanor possession of cocaine, marijuana, and Alprazolam. No witnesses testified at his August 29, 2003 sentencing hearing. According to the defendant's presentence report, the then thirty-five-year-old defendant had never been married and had no children. In the report, the defendant stated that he lived with his parents most of the time but that he traveled around a lot and stayed in cities such as Atlanta and Richmond for months at a time. The defendant reported that he graduated from high school and that he attended Virginia Highlands Community College and National Business College but dropped out. The defendant described his mental health as excellent and his physical health as fair and stated that he had diabetes. He also stated that he began using marijuana when he was twenty-five years old, that he used it once every two months, and that he had not used the drug in two years.

The report reflects that the defendant stated that on February 7, 2001, he was living in Gate City, Virginia, and came to Kingsport in order to see Angie Thombs. He said the two of them went to the Red Lion where he saw Kevin Scales. He said that he had not seen Mr. Scales in a few years, that Mr. Scales got into his car for about five to ten minutes, and that he and Ms. Thombs then drove to his cousin's house on Prospect Drive. He said that after he stopped the car and got out, a police officer approached him, told him to lean against the car, asked him if he had any weapons, and patted him down. He said that the officer found marijuana in his left pants pocket, that the police searched his car, and that the officers told him they had found cocaine and two pills. He said that the cocaine was not his, that the amount of marijuana was less than the amount alleged by the police, and that he had not known about the pills. According to the report, the defendant has two misdemeanor convictions for marijuana possession, four convictions for speeding, two DUI convictions, and

misdemeanor convictions for driving without a license, unlawful possession of a weapon, and theft. At the time of the report, the defendant also had charges pending in Washington County for two counts of possession of a Schedule II controlled substance with intent to sell, one count of selling a Schedule II controlled substance, and one count of possession of a Schedule VI controlled substance with intent to sell.

In sentencing the defendant, the trial court noted that the defendant had pled guilty in the Washington County case to two counts of selling more than one-half gram of cocaine, a Class B felony, and had received concurrent eight-year sentences as a Range I, standard offender. The trial court applied enhancement factor (2), that the defendant has a history of criminal convictions and behavior in addition to those necessary to establish the appropriate range, and gave it great weight. See T.C.A. § 40-35-114(2). The trial court applied no mitigating factors. See Tenn. Code Ann. § 40-35-113. The trial court ruled that the convictions for cocaine and marijuana possession should run consecutively to each other due to the defendant's extensive criminal history and that the conviction for Alprazolam should run concurrently to the conviction for cocaine possession. See T.C.A. § 40-35-115(b)(2). Finally, the trial court stated that the defendant's extensive criminal history warranted his serving the sentences in this case consecutively to the Washington County sentences pursuant to Rule 32(c)(2), Tenn. R. Crim. P., which provides for consecutive sentencing if a defendant has prior sentences that have not been served fully. The defendant raises several issues regarding his sentences.

Appellate review of misdemeanor sentencing is de novo on the record with a presumption that the trial court's determinations are correct. T.C.A. §§ 40-35-401(d), -402(d). As the Sentencing Commission Comments to T.C.A. § 40-35-401(d) note, the burden is now on the appealing party to show that the sentence is improper. This means that if the trial court followed the statutory sentencing procedure and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, as amended, we may not disturb the sentence on appeal. See State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). A Class A misdemeanant may be incarcerated for up to eleven months and twenty-nine days. T.C.A. § 40-35-111(e)(1). There is no presumptive minimum sentence provided by law for misdemeanor sentencing. See, e.g., State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994).

Initially, we note that the defendant has failed to include the trial transcript in the record on appeal. When imposing sentences for misdemeanors, the trial court "shall impose a sentence consistent with the purposes and principles of this chapter." T.C.A. § 40-35-302(b). One of the purposes of the Sentencing Act is to impose a sentence "justly deserved in relation to the seriousness of the offense." T.C.A. § 40-35-102(1). To do this, the trial court must consider any evidence presented at the defendant's trial. See T.C.A. § 40-35-210(b)(1). Moreover, the fact that our standard of review is de novo on the record requires us to consider this factor. The "failure to include a transcript of the trial makes it impossible for us to conduct an appropriate de novo consideration of the case or to determine whether the trial court erred relative to its determinations which were based in any part on that evidence." State v. Hayes, 894 S.W.2d 298, 300 (Tenn. Crim. App. 1994). When necessary parts of the record are not included on appeal, this court must presume

that the trial court's ruling was correct. <u>State v. Oody</u>, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

## I.  ENHANCEMENT AND MITIGATING FACTORS

The defendant contends that the trial court erred by applying enhancement factor (3), that the defendant was a leader in the commission of an offense involving two or more criminal actors, to his sentences. <u>See</u> T.C.A. § 40-25-114(3).  In addition, he claims that the trial court failed to apply mitigating factor (1), that his conduct neither caused nor threatened serious bodily injury, and to mitigate his sentence under factor (13) on the basis that his family lives nearby and that he has a good social history. <u>See</u> T.C.A. § 40-35-113(1), (13).  The state claims that the trial court properly applied enhancement factor (3) because there was evidence that the defendant's girlfriend participated in the crimes and that the trial court properly refused to apply mitigating factors.

Regarding enhancement factor (3), we disagree with the defendant's and the state's assertions that the trial court applied this factor to his sentences.  Our review of the sentencing hearing transcript shows that the following exchange occurred:

> THE COURT: Enhancing factors, the Defendant has a previous history of criminal convictions and criminal behavior in addition to those necessary to establish the appropriate range.  So that's in the presentence report. . . .  He's got two Class B felony convictions now in Washington County.  I give that great weight.  Illegal drug use is criminal behavior, I give that great weight.
> Number two, he was a leader in the commission of an offense involving two or more criminal actors, I think there was somebody with him, but I'm not sure.
>
> [Defense]: They weren't charged, Your Honor.
>
> THE COURT: I know they weren't charged.  I just said I think there's somebody with him.
>
> [Defense]: Yes, ma'am, there was some –
>
> [State]: There was a young lady –
>
> THE COURT: But there [were] no drugs found on that person.
>
> [State]: She was charged I think with possibly drinking under age.  I believe that was –

> THE COURT: [J]ust based on his record the two Class B felonies, I find that all three should be enhanced to eleven months twenty-nine days.

We take the trial court's statements to mean that it considered applying enhancement factor (3) but enhanced the defendant's sentences based only on the application of enhancement factor (2). Thus, there is no merit to the defendant's claim that the trial court improperly applied enhancement factor (3).

Regarding the trial court's failure to apply mitigating factor (1), that the defendant's conduct neither caused nor threatened serious bodily injury, the trial court refused to apply this factor based on the facts of the case and because it believed the defendant was a drug dealer. Given that we know very little about the facts in this case, we will presume that the trial court properly refused to apply mitigating factor (1). Regarding the trial court's failure to mitigate the defendant's sentences based upon the fact that his parents live nearby and his social history, the trial court noted that the defendant's parents were good people but that the defendant had a poor employment history and that nothing else in his background justified mitigating his sentences. We agree and hold that the trial court also properly refused to apply mitigating factor (13).

## II. CONSECUTIVE SENTENCING

The defendant claims that the trial court improperly ordered him to serve two of his sentences consecutively because his misdemeanor possession convictions do not equate to the type of criminal activity warranting consecutive sentencing. He also contends that the trial court erred by ordering that he serve the sentences consecutively to his Washington County sentences. He argues that the trial court could not order consecutive sentencing pursuant to Rule 32(c), Tenn. R. Crim. P., because he had not yet begun serving his Washington County sentences and the rule contemplates a sentence that has been partially served. In addition, he argues that consecutive sentencing was improper because the Washington County trial court had ordered that he serve those sentences concurrently with the sentences in this case and because an alternative sentencing hearing for the Washington County sentences was pending at the time of the Sullivan County sentencing hearing. The state claims that the trial court properly ordered consecutive sentencing. We conclude that the trial court properly ordered that the defendant serve his sentences for cocaine and marijuana possession consecutively but that the trial court erred by ordering the sentences to be served consecutively to the Washington County sentences.

Regarding the defendant's claim that his misdemeanor criminal history is not extensive enough to justify consecutive sentences under T.C.A. § 40-35-115(b)(2), we note that the defendant has eleven prior misdemeanor convictions, has been convicted of two Class B felony drug offenses committed while on bail in the present case, and has admitted to smoking marijuana since he was twenty-five years old. We conclude that the defendant's prior convictions and his drug use demonstrate an extensive criminal history that justifies consecutive sentencing.

Regarding the trial court's ordering the sentences be served consecutively to his Washington County sentences, Rule 32(c)(2), Tenn. R. Crim. P., gives discretion to a trial court to impose consecutive sentencing when a defendant has "additional sentences not yet fully served." The defendant cites nothing to support his claim that this rule contemplates a previous sentence that has been partially served. We believe that the rule reasonably includes other sentences not begun. That is, at the time of the sentencing in this case, the defendant had not yet begun to serve his Washington County sentences. Thus, he had "sentences not yet fully served" pursuant to Rule 32(c)(2).

We note, though, that T.C.A. § 40-20-111(a) provides that imposition of judgments, including sentences, for existing convictions shall occur in a progressive fashion with the successive sentences being determined to be served concurrently or consecutively to those previously imposed. In Thompson v. State, 565 S.W.2d 889 (Tenn. Crim. App. 1977), the Coffee County Circuit Court ordered a sentence to be served consecutively with "any sentence which the defendant may receive in Moore County for criminal conduct prior to the date of this order." The Moore County charge apparently was pending at the time of the sentencing. In ordering the deletion of the reference to the Moore County charges, this court stated,

> We conclude . . . that under the terms of the statute a sentence may only be run consecutively to a previously imposed sentence. There is no statutory authority for the in futuro order entered in this case. It would be solely within the discretion of the Moore County Court to determine whether a sentence resulting from a subsequent Moore County conviction should be served consecutively to or concurrently with the pre-existing Coffee County sentence now under review.

Id. at 890.

This court reviewed a case similar to the present one in State v. Arnold, 824 S.W.2d 176 (Tenn. Crim. App. 1991), in which the defendant had committed a series of robberies. The defendant pled guilty to some robberies in Lincoln County and, by agreement, received an eight-year sentence for each robbery. However, the trial court deferred the issues of concurrent sentencing and probation until September 5, 1990. On July 19, 1990, the Coffee County Circuit Court ordered that the defendant's sentences for the Coffee County robberies be served consecutively to the Lincoln County sentences. This court concluded that the Coffee County Circuit Court could not require consecutive sentencing "in futuro" relative to judgments of conviction not yet entered in Lincoln County. Id. Thus, the defendant's claim that an alternative sentencing hearing was still pending in Washington County at the time the sentences were imposed in this case bears on the propriety of the present sentences being served consecutively to the Washington County sentences.

The state introduced two documents into evidence purporting to be judgments of conviction for Class B sales of cocaine in Washington County. They reflect that guilty pleas were entered on August 15, 2003, and eight-year sentences were imposed, to be served concurrently with the

sentences in the present case. The state, however, told the trial court that the defendant had not been sentenced in Washington County "as far as alternative sentencing" was concerned. When the trial court questioned how Washington County could get a judgment form done under the circumstances, defense counsel explained that that was how they did "business" in Washington County. At this point, we note that the purported judgments of conviction from Washington County do not have an entry date, a file date, or a court clerk certificate attesting to the authenticity of the judgments of conviction. Thus, we do not view them to be copies of judgments of conviction that had actually been entered in the Washington County Circuit Court.

Under the circumstances presented in the record, we conclude that the final sentencing had not occurred and judgments of conviction, as provided, in Rule 32(e), Tenn. R. Crim. P. and Rule 17, Tenn. S. Ct. R., had not been filed for the Washington County cases at the time that the defendant was sentenced in the present case. The trial court was not authorized to require the sentences to run consecutively to the Washington County sentences, which were pending final disposition.

### III. ALTERNATIVE SENTENCING

Finally, the defendant contends that the trial court erred by denying his request for alternative sentencing. He argues that the presence of a close and supportive family in Kingsport reflects favorably on his potential for rehabilitation and that the proper weighing of enhancement and mitigating factors supports an alternative sentence. He also contends that confinement is not needed to avoid depreciating the seriousness of the offenses in this case. See T.C.A. § 40-35-103(1)(B); State v. Travis, 622 S.W.2d 529, 534 (Tenn. 1981) (stating that a trial court may deny an alternative sentence based upon the need to avoid depreciating the seriousness of the offense if the circumstances of the offense are "especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree"). The state claims that the trial court properly denied alternative sentencing. We agree with the state.

When determining if confinement is appropriate, a trial court should consider that (1) confinement is needed to protect society by restraining a defendant who has a long history of criminal conduct, (2) confinement is needed to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses, or (3) less restrictive measures than confinement have frequently or recently been applied unsuccessfully to the defendant. State v. Ashby, 823 S.W.2d 166, 169 (citing T.C.A. § 40-35-103(1)(A)-(C)). The trial court may also consider the mitigating and enhancing factors set forth in T.C.A. §§ 40-35-113 and -114. T.C.A. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a trial court should consider a defendant's potential or lack of potential for rehabilitation. T.C.A. § 40-35-103(5).

In denying the defendant's request for alternative sentences, the trial court noted that the defendant did not have a good employment history and began using marijuana when he was twenty-five years old. Although the trial court noted that the defendant had graduated from high school and appeared to come from good parents who had steady employment and no criminal histories, it also

noted that the defendant stayed away from home for months at a time and dropped out of college. The trial court stated that it believed the defendant was a drug dealer and that the jury could have found him guilty of felony possession of cocaine with the intent to sell.

In addition to the defendant's recent felony drug convictions in Washington County, his presentence report shows he has many prior misdemeanor convictions, including two for marijuana possession. Moreover, his statements in the presentence report indicate that he has not acknowledged committing the crimes and that he does not reflect a high potential for rehabilitation. See State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994) (holding that a defendant's failure to accept responsibility for a crime is germane to his rehabilitation potential). The trial court obviously believed the defendant had little potential for rehabilitation. We agree and conclude that the trial court did not err by ordering the defendant to serve his sentences in confinement.

Based upon the foregoing and the record, we affirm the trial court's imposition of maximum, consecutive misdemeanor sentences to be served in confinement. We reverse the trial court's order requiring the sentences to be served consecutively to the defendant's Washington County sentences and remand the case for modifying the judgments by deleting any reference to the Washington County cases.

_____
JOSEPH M. TIPTON, JUDGE