IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 25, 2011

## STATE OF TENNESSEE v. NORMAN L. RICKS

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 268614     Rebecca J. Stern, Judge**

**No. E2010-01096-CCA-R3-CD - Filed April 26, 2011**

The appellant, Norman L. Ricks, pled guilty to voluntary manslaughter in exchange for an agreed sentence of ten years. The plea agreement provided that the trial court would determine whether the sentence would be served concurrently with or consecutively to a previously imposed federal sentence. On appeal, the appellant argues that the trial court erred in imposing consecutive sentencing. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., joined. JOSEPH M. TIPTON, P.J., concurred in results only.

John Allen Brooks, Chattanooga, Tennessee, for the appellant, Norman L. Ricks.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; William H. Cox, District Attorney General; and Neal Pinkston, Assistant District Attorney General, for the appellee.

## OPINION

### I. Factual Background

The record before us reflects that the appellant was originally charged in indictment number 268614 with first degree premeditated murder and tampering with evidence. On February 16, 2010, the appellant pled guilty to the lesser-included offense of voluntary manslaughter. According to the plea agreement, the appellant, a standard, Range I offender, agreed to be sentenced as a Range II, multiple offender and to receive a sentence of ten years in the Tennessee Department of Correction. The plea agreement also provided that the State

would dismiss the charge of tampering with evidence and five additional charges in indictment 258652. The plea agreement further provided that the trial court would determine whether the ten-year sentence would be served concurrently with or consecutively to a previously imposed federal sentence. We are unable to discern the facts of the instant offense because a transcript of the guilty plea hearing was not included in the appellate record for our review.

At the sentencing hearing, the appellant asked the trial court to order his ten-year sentence to be served concurrently with his federal sentence. The appellant presented several family members, namely his mother and three uncles, who testified that the appellant had previously been in federal prison. The witnesses testified that the appellant had "his head on straight" and had improved his outlook and demeanor. The appellant read a statement to the court, apologizing to the victim's family. He acknowledged that he "wasn't living the best lifestyle . . . at the age of 23" when the offense occurred. However, he asserted that he had changed his life and wanted to "be an inspiration" for others who wished to better themselves.

The trial court issued an order denying the appellant's motion to serve his Tennessee sentence concurrently with his federal sentence. Thereafter, the appellant filed the instant appeal, challenging the trial court's ruling.

While the instant appeal was pending, the United States Court of Appeals for the Sixth Circuit ruled on an appeal of the appellant's federal sentence. See United States v. Norman Ricks, No. 09-5040, 2010 WL 3927235 (6th Cir., Sept. 28, 2010). The Sixth Circuit, upon holding that the federal district court erred in sentencing the appellant, vacated the appellant's sentence and remanded for resentencing. Id. at *4. Subsequently, this court granted the appellant's motion to consider the remand of the appellant's federal sentence as a post-judgment fact pursuant to Tennessee Rule of Appellate Procedure 14.

## II. Analysis

Appellate review of the length, range or manner of service of a sentence is de novo. See Tenn. Code Ann. § 40-35-401(d). In conducting its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann.

§§ 40-35-102, -103, -210; see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the appellant to demonstrate the impropriety of his sentence. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts. Moreover, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determinations a presumption of correctness. Id. at (d); Ashby, 823 S.W.2d at 169.

The appellant argues that the trial court erred in imposing consecutive sentencing. First, he contends that the court erred in determining there was not "good cause" shown for ordering concurrent sentencing. However, as we have noted, the appellant failed to include the transcript of the guilty plea hearing in the record for our review. This court has previously stated, "A guilty plea hearing often provides an important occasion for the state to present its proof, and thus, it is the equivalent of a trial and should be made part of the record on appeal in order to comply with [Tennessee Code Annotated section] 40-35-210." State v. Bobby Blair, No. M2002-02376-CCA-R3-CD, 2003 WL 22888924, at *2 (Tenn. Crim. App. at Nashville, Dec. 5, 2003); see also State v. Shatha Litisser Jones, No. W2002-02697-CCA-R3-CD, 2003 WL 21644345, at *3 (Tenn. Crim. App. at Jackson, July 14, 2003). Accordingly, the appellant's "failure to include the transcript of the guilty plea hearing in the record prohibits the court's conducting a full *de novo* review of the sentence under [Tennessee Code Annotated section] 40-35-210(b)." Jones, No. W2002-02697-CCA-R3-CD, 2003 WL 21644345, at *3.

Moreover, Tennessee Rule of Criminal Procedure 32(c)(2)(B) provides that

> [i]f, as the result of conviction in another state or in federal court, the defendant has any additional sentence or portion thereof to serve, the court *shall* impose a sentence that is consecutive to any such unserved sentence unless the court determines in the exercise of its discretion that good cause exists to run the sentences concurrently and explicitly so orders.

(Emphasis added).

The trial court found that no "good cause" existed to impose a concurrent sentence. Because the appellant failed in his burden of ensuring the appellate record conveys a fair, accurate, and complete account of what has transpired with respect to those issues that are the bases of appeal, this court must presume there was sufficient evidence to support the trial court's ruling. See Tenn. R. App. P. 24(b); Thompson v. State, 958 S.W.2d 156, 172 (Tenn. Crim. App. 1997); State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

The appellant also contends that because his federal sentence was vacated and remanded for resentencing, there is no "previously imposed sentence" for the purpose of consecutive sentencing. In support of his argument, the appellant cites Thompson v. State, 565 S.W.2d 889 (Tenn. Crim. App. 1977) and State v. Arnold, 824 S.W.2d 176 (Tenn. Crim. App. 1991). In Thompson, the defendant had charges pending in Moore County, and the trial court ordered the defendant to serve his Coffee County sentence consecutively to "'any sentence which the defendant may receive in Moore County for criminal conduct prior to the date of this order.'" 565 S.W.2d at 890. This court concluded that the trial court could not impose a sentence consecutively to a sentence the charges for "which had not yet produced a conviction or other final judgment." Id. at 889. This court explained "that under the terms of the statute a sentence may only be run consecutively to a previously imposed sentence. There is no statutory authority for the *in futuro* order entered in this case." Id. This court further explained, "It would be solely within the discretion of the Moore County Court to determine whether a sentence resulting from a subsequent Moore County conviction should be served consecutively to or concurrently with the pre-existing Coffee County sentence now under review." Id.

In Arnold, the defendant's convictions in Coffee County and Lincoln County stemmed from a series of robberies committed within six days. 824 S.W.2d at 177. On May 25, 1990, the defendant pled guilty to two robberies in Lincoln County. Id. The plea, which was accepted by the trial court, provided that the defendant was to receive an eight-year sentence; however, the trial court "deferred the defendant's motions for concurrent sentencing and for probation until September 5, 1990." Id. On June 21, 1990, the defendant pled guilty in Coffee County to two robberies and an assault with intent to commit robbery. Id. 176-77. On July 19, 1990, the Coffee County Circuit Court ordered the defendant's sentences "'to be served consecutive to any and all other sentences theretofore imposed upon the defendant, including those sentences imposed upon her in Lincoln County specifically and others of which the Court has not been made aware.'" Id. at 176. This court, applying Thompson, concluded that because the defendant's Lincoln County sentences "were not finally resolved" at the time of sentencing, the imposition of consecutive sentencing "was improperly 'in futuro.'" Id. This court explained that generally the responsibility to determine whether a sentence should be served consecutively lies with the last sentencing court to prevent the first sentencing court from preempting "the last court's function and power to impose a sentence which is based upon all that has gone before." Id. at 178.

Both Thompson and Arnold, which addressed consecutive sentencing when the sentence in the first case was still pending, are distinguishable from the instant case. Unquestionably, the appellant's federal sentence was "previously imposed" at the time the Hamilton County Criminal Court imposed consecutive sentencing. Although the appellant correctly maintains that the federal court remanded his case for resentencing, it is clear that

the initial federal sentence had been imposed at the time the trial court imposed sentence in the instant case.  See generally Ricks, No. 09-5040, 2010 WL 3927235.[1]  The appellant's argument is without merit.

### III.  Conclusion

In sum, we conclude that there is nothing in the record before us to indicate the trial court erred by imposing consecutive sentencing.  Therefore, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE

---

[1]  We note that although this court granted permission to consider the remand of the appellant's federal sentence as a post-judgment fact under Tennessee Rule of Appellate Procedure 14, the Advisory Commission Comments to that rule caution that the facts to be considered should be "unrelated to the merits[,] not genuinely disputed[, and] are necessary to keep the record up to date. . . .  This rule is not intended to permit a retrial in the appellate court."